**UNIVERSAL CITY STUDIOS, INC., Para–Mount Pictures Corporation, Metro–Goldwyn–Mayer Studios, Inc., Tristar Pictures, Inc., Columbia Pictures Industries, Inc., Time Warner Entertainment Co., L.P., Disney Enterprises, Inc. and Twentieth Century Fox Film Corporation, Plaintiffs,**

v.

**Shawn C. REIMERDES, Eric Corley a/k/a "Emmanuel Goldstein," Roman Kazan, and 2600 Enterprises, Inc., Defendants.**

**No. 00 Civ. 0277(LAK).**

United States District Court, S.D. New York.

Aug. 19, 2000.

**AMENDED FINAL JUDGMENT**

KAPLAN, District Judge.

This action previously having been settled as to defendants Shawn C. Reimerdes and Roman Kazan, and having duly come on for trial before the undersigned as to the claims against defendants Eric C. Corley a/k/a "Emmanuel Goldstein" and 2600 Enterprises, Inc. (collectively, the "Remaining Defendants"), and the Court having rendered its opinion containing findings of fact and conclusions of law, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. The Remaining Defendants, their officers, agents, servants, employees and attorneys and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise be and they hereby are permanently enjoined and restrained from:

(a) posting on any Internet web site, or in any other way manufacturing, importing or offering to the public, providing, or otherwise trafficking in DeCSS, and

(b) posting on any Internet web site, or in any other way manufacturing, importing or offering to the public, providing, or otherwise trafficking in any technology, product, service, device, component, or part thereof, that:

(i) is primarily designed or produced for the purpose of circumventing, or circumventing the protection afforded by, CSS, or any other technological measure adopted by plaintiffs that effectively controls access to plaintiffs' copyrighted works or effectively protects the plaintiffs' rights to control whether an end user can reproduce, manufacture, adapt, publicly perform and/or distribute unauthorized copies of their copyrighted works or portions thereof;

(ii) has only limited commercially significant purposes or use other than to circumvent, or to circumvent the protection afforded by, CSS, or any other technological measure adopted by plaintiffs that effectively controls access to plaintiffs' copyrighted works or effectively protects the plaintiffs' rights to control whether an end user can reproduce, manufacture, adapt, publicly perform and/or distribute unauthorized copies of their copyrighted works or portions thereof; or

(iii) is marketed by defendants and/or others acting in concert with them with the knowledge of its use in circumventing, or in circumventing the protection afforded by, CSS, or any other technological measure adopted by plaintiffs that effectively controls access to the plaintiffs' copyrighted works or effectively protects the plaintiffs' rights to control whether an end user can reproduce, manufacture, adapt, publicly ·perform and/or distribute unauthorized copies of their copyrighted works or portions thereof, and

(c) knowingly linking any Internet web site operated by them to any other web site containing DeCSS, or knowingly maintaining any such link, for the purpose of disseminating DeCSS.

2. The Court declares, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the Remaining Defendants' posting of DeCSS on an Internet web site and knowing linking to other Internet web sites containing DeCSS for the purpose of disseminating DeCSS violated the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 *et seq.*

3. Certain terms use in this order are defined as follows:

(a) "DVD" means digital versatile disc.

(b) "CSS" means the Contents Scramble System used to encrypt, scramble or otherwise protect the contents of certain DVDs from being copied.

(c) "DeCSS" means any computer program, file or device that may be used to decrypt or unscramble the contents of DVDs that are protected, or otherwise to circumvent the protection afforded, by CSS and that permits the copying of the contents or any portion thereof.

4. Plaintiffs shall recover of defendants, jointly and severally, their costs as taxed by the Clerk.

5. Plaintiffs' application for an award of attorney's fees pursuant to the Digital Millennium Copyright Act is denied.

SO ORDERED.